ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CIVIL ACTION NO.: 2022-CP-10-05220 |
| | | |
| COREY J. STEWART and JACQUELINE STEWART, | ) ) | |
| | ) | SUMMONS |
| Plaintiffs, | ) | (Jury Trial Demanded) |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLESTON COUNT SCHOOL DISTRICT, | ) ) | |
| Defendant. | ) | |
| | ) | |

**TO:  THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, Tiffany R. Spann-Wilder, Esquire, Post Office Box 70488, N. Charleston, South Carolina 29415, within THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

                                                                **SPANN WILDER LAW, LLC**

                                                                 By: **/s/ Tiffany R. Spann-Wilder**
                                                                  **Tiffany R. Spann-Wilder, Esquire**
                                                                  **(**SC BAR # 15913**)**
                                                                  2131 Dorchester Rd (29405)
                                                                  PO Box 70488
                                                                  N. Charleston, SC 29415
                                                                  (843) 266-7792 // (843) 266-7797, fax

                                                                **ATTORNEY FOR PLAINTIFFS**

North Charleston, South Carolina

Dated: November 10, 2022

ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CIVIL ACTION NO.: 2022-CP-10 -05220 |
| ) | |
| COREY J. STEWART AND JACQUELINE ) | |
| STEWART, ) | |
| ) | **COMPLAINT** |
| Plaintiffs, ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| CHARLESTON COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

NOW COMES the Plaintiffs, COREY STEWART and JACQUELINE STEWART, by and through their undersigned counsel of record, pursuant to the South Carolina Rules of Civil Procedure, who alleges against the Defendant, the Charleston County School District ("DEFENDANT SCHOOL DISTRICT") as follows:

1. That Plaintiff is a citizen and resident of the County of Charleston County, State of South Carolina. That the Plaintiff, Corey Stewart (hereinafter Plaintiff Corey), at the time the incident set forth below occurred, was a minor under the age of eighteen (18) years.

2. That Plaintiff, Jacqueline Stewart (hereinafter Plaintiff Jacqueline) is a citizen and resident of Berkeley County, South Carolina.

3. That, upon information and belief, Defendant Charleston County School District (hereinafter "Defendant School District") is a "governmental entity" operating and organized under the laws of the State of South Carolina, and, as such, is subject to suit pursuant to the South Carolina Tort Claims Act, S.C. Code 15-78-10 et seq.

4. That, upon information and belief, venue is proper in the County of Charleston. State of South Carolina because the events, acts and/or omissions giving rise to the Plaintiff's causes of action occurred in the County of Charleston, State of South Carolina and they are informed and believe that jurisdiction is proper in this Court.

5. That at all times relevant hereto, Defendant School District operated R.B. Stall High School as one of the schools under its control. That Defendant School District is responsible for various duties, including insuring the safety of students of the school.

6.    That more specifically, and at all times relevant hereto, Defendant School District was responsible for the operation of R.B. Stall High School, located within the County of Charleston, City of North Charleston, State of South Carolina.

7.    That at all times relevant hereto, Defendant School District acted by and through its agents, employees and/or servants who were all acting within the course and scope of their employment and agency.

8.    That heretofore, on or about the 10th day of November, 2020, the Plaintiff Corey was a student at R.B. Stall High School.

9.    That on the aforementioned date, Plaintiff Corey was properly located within hallway/corridor of R. B. Stall High School changing classes in accordance with the school schedule.

10.   That on the aforementioned date, another student, a minor J.R., did bully, provoke and escalate a physical altercation wherein the minor J.R. did assault and commit a battery on Plaintiff Corey in such a manner that Plaintiff Corey experienced multiple seizures rendering him unconscious for a period of time; as a result of J.R's actions, the Plaintiff, Corey, sustained injuries to his head, neck, face and other areas.

11.   That, upon information and belief, this was not the first nor only occasion in which this student, J.R., bullied, threatened, harassed or assaulted Plaintiff Corey.

12.   That, upon information and belief, Defendant School District knew of or, through reasonable diligence and investigation and should have known of that this type of conduct would occur.

13.   That Defendant School District, through its duly authorized agents, employees
and/or servants, acting within the course and scope of their employment, was negligent, willful, wanton, reckless and grossly negligent in one or more of the following particulars:

    a.   In failing to properly train employees and agents on the proper discipline procedures for students;

    b.   In failing to have proper discipline procedures in place to protect the safety of its students. including the minor Plaintiff;

    c.   In failing to provide for the safety of its students, including Plaintiff Corey;

    d.   In allowing a student like J.R. to remain in school and around other students after it knew or should have known of J.R.'s past inappropriate conduct and/or behavior towards other students.

ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

    e    In committing a battery and/or allowing a battery to be committed against Plaintiff Corey;

    f.    In failing to properly supervise employees in their administering of, or lack of, discipline to students, including the Plaintiff Corey;

    g.    In failing to properly supervise students;

    h.    In failing to employ and/or staff a sufficient number of school resource officers and Student Concern Specialists necessary to prevent such actions from occurring; and

    i.    In such other particulars as discovery and the evidence at trial may show.

Any or all of which were one of the direct and proximate causes of the injuries and damages suffered by the Plaintiff Corey, and such actions and/or inactions being in violation of the statutes and laws of the State of South Carolina.

14.    That Defendant School District was negligent, willful, wanton, reckless and grossly negligent in one or more of the following particulars:

    a.    In failing to provide for the safety of students, including the Plaintiff Corey;

    b,    In allowing a student to commit a battery, or allowing another to commit a battery, against the Plaintiff Corey;

    c.    In physically striking, or allowing another to stick, Plaintiff Corey;

    d.    In allowing another to shove and slam to the floor and into the walls Plaintiff Corey;

    e.    In inappropriately putting hands on plaintiff, or allowing another to touch, the Plaintiff Corey;

    f.    In such other particulars as discovery as the evidence at trial may show. Any and all of which were one of the direct and proximate causes of the injuries and damages suffered by the Plaintiff Corey,

and such actions and/or inactions being in violation of the statutes and laws of the State of South Carolina.

15. That in addition to Defendant School District being vicariously liable for the acts and/or omissions of its employees, agents, and students, Defendant School District is also independently liable for negligent supervision, negligent hiring, negligent training and/or negligent retention of its employees.

16. That the acts and/or omissions of Defendant School District, both individually and through its employees, and other students, did cause and/or allowed another to cause significant injury to the Plaintiff Corey.

17. That the Plaintiff Corey is informed and believes that Defendant School District is liable, for the Plaintiff Corey's injuries and damages due to its failure to supervise.

18. That as a direct and proximate cause of the negligence, willfulness, wantonness, recklessness and gross negligence the part of Defendant School District, the Plaintiff Corey was injured; Plaintiff Corey was rendered sick, sore, disabled, bruised and shocked thereby; that all of such injuries have caused Plaintiff Corey pain at the time of this incident and to an extent thereafter; that as direct and proximate result of the negligence and gross negligence as aforementioned, Plaintiff Corey suffered, among other things, bruises, contusions, great pain and suffering, and suffered shame and humiliation while injured in the presence of his peers and other community adults.

19. That as a direct and proximate cause of said negligence, willfulness, wantonness, recklessness and gross negligence on the part of each of the Defendant School District one or more of the following was a result:

    a. The Plaintiff Corey was confined to the care and treatment of skilled practitioners of the healing arts and nurses;

    b. The Plaintiff Corey was treated by such persons and may be forced to continue to receive treatment from them in the future;

    c. The Plaintiff Corey and his family have expended sums of money for such treatment and may be obligated to expend even more money in the future for such care and treatment;

    d. The Plaintiff Corey was in the past and may in the future, be put to great expense for medicine, drugs and medical attention;

ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

  e. The Plaintiff Corey, and his family, were put to great expense for medicine and medical attention and required to pay for transportation costs for the same; and/or

  f. The Plaintiff Corey suffered shame, humiliation and embarrassment when he was injured in the presence of his peers and community adults.

  g. The Plaintiff Jacqueline suffered fear from the threats made against her, her other minor children and extended family.

20. That as a direct and proximate result of the foregoing acts and breaches of duty Defendant School District breached, the Plaintiff Corey and/or his mother has suffered actual damages and are demanding a judgment against Defendant in a sum sufficient to compensate the minor Plaintiff for these damages.

21. Plaintiff Jacqueline has incurred financial loss as a direct and proximate result of the Defendant School District's acts and omissions. Plaintiff Jacqueline has specifically incurred medical expenses associated with Plaintiff Corey's medical treatment and time away from her employment.

22. Plaintiffs repeat and re-allege every prior paragraph of this Complaint as if set forth fully herein verbatim.

23. The Defendant School District and its employees owed Plaintiff Corey a duty of reasonable care to act as an ordinary and prudent school district and school staff members would under the same or similar circumstances.

24. The Defendant School District and its employees owed Plaintiff Corey a duty to provide access to an education in compliance with it's own policies and procedures, industry standards and federal law.

25. The Defendant School District and its employees owed Plaintiff Corey a duty to prevent, investigate and respond appropriately to incidents of bullying, assault and battery and threats of violence to Plaintiff Corey by other students.

26. The Defendant School District and its employees breached one or more of these duties by allowing Plaintiff Corey to be repeatedly subjected to verbal and physical bullying, assaults and threats of violence despite repeated notice, without properly investigating or responding to these incidents by removing J.R. from the school environment.

27. The Defendant School District's acts and omissions were negligent in that they were careless, in violation of industry standards and in violation of Defendant School District's policies and procedures. The Defendant School District's acts and omissions were grossly negligent in that they were reckless and there was a conscious failure to exercise and observe reasonable or due care. The Defendant School District was negligent and grossly negligent in one or more of the following particulars:

   a. Failing to implement adequate policies and procedures to prevent or deter bullying, assault and battery and threats of other violence;
   b. Failing to comply with the inadequate policies and procedures that it did have in place relating to bullying, assault and battery and threats of other violence;
   c. Failing to implement protective measures for then minor Plaintiff Corey when he was exposed to bullying and harassment, assault and battery and threats of other violence; which were well known to Defendant School District;
   d. Failing to adequately train employees on bullying, assault and battery and threats of other violence prevention, bullying, assault and battery and threats of other violence incident investigation and response to incidents of bullying, assault and battery and threats of other violence;
   e. Failing to take reasonable action to adequately investigate repeated complaints regarding bullying, assault and battery and threats of other violence; of Plaintiff Corey;
   f. Failing to take reasonable action to adequately respond to numerous incidents of bullying, assault and battery and threats of other violence against Plaintiff Corey by punishing the J.R. and other students responsible for bullying, assault and battery and threats of other violence;
   g. Failing to take reasonable action to adequately respond to numerous incidents of bullying of Plaintiff Corey by providing increased supervision and monitoring of known perpetrators as well as Plaintiff Corey;
   h. Hiring and retaining employees and administrators who were unfit in terms of the training, temperament, and skills necessary to protect Plaintiff Corey from bullying assault and battery and threats of other violence;
   i. Remaining idle in the face of known student on student-based bullying, assault and battery and threats of other violence;
   j. In such other particulars as shall be shown as discovery progresses.

28. The Defendant School District's acts and omissions were negligent per se in that they were in violation of one or more of the following federal statutes and the Defendant School District acted with bad faith, gross misjudgment, and/or deliberate indifference in responding to this student-based bullying, assault and battery and threats of other violence of which they were aware;

   a. Section 504 of the Rehabilitation Act;
   b. Title II of the Americans with Disabilities Act;

ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

ELECTRONICALLY FILED - 2022 Nov 10 7:30 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005220

    c.    Individuals with Disabilities Education Act (IDEA); and

    d.    42 USC§ 1983.

29. The negligent, grossly negligent and negligent per se acts and omissions of the Defendant School District were the proximate cause of Plaintiff Corey's injuries and damages.

30. Plaintiff Corey suffered bodily injury, pain, suffering, mental anguish, loss of enjoyment of life and emotional suffering, including distress, fright, embarrassment, humiliation, nervousness, anxiety, stress and worry, as a result of the Defendant School District's acts and omissions.

31. The negligent, grossly negligent and negligent per se acts and omissions of the Defendant School District were the proximate cause of Plaintiff Corey's injuries and damages.

32. Plaintiff Corey incurred medical expenses and mental anguish as a result of Defendant School District's acts and omissions.

33. Plaintiff Jacqueline suffered mental anguish and fear for her safety and that of her other minor children and parents due to the threats of J.R. made against her entire family which required police surveillance of the family home.

### PRAYER FOR RELIEF

WHEREFORE, having set forth the foregoing claims against the Defendant School District , Plaintiffs, prays for judgment against the Defendant School District for actual damages in an amount as a jury may determine, as well as all such other and further relief as this Honorable Court may deem just and proper.

    Respectfully submitted,

    **SPANN WILDER LAW, LLC**

    By: **/s/ Tiffany R. Spann-Wilder**
    **Tiffany R. Spann-Wilder, Esquire**
    **(**SC BAR # 15913)
    2131 Dorchester Rd (29405)
    PO Box 70488
    N. Charleston, SC 29415
    (843) 266-7792 // (843) 266-7797, fax
    **ATTORNEY FOR PLAINTIFFS**

November 10, 2022
North Charleston, SC